IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Timothy Bradley,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>　　　　Respondents. | No. CV 09-8215-PHX-PGR (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Donald Timothy Bradley. (Doc. 1). Pursuant to a plea agreement, Petitioner pled guilty on July 16, 2002, in Yavapai County Superior Court to one count of aggravated driving under the influence with two prior felony convictions, and one count of endangerment. (Doc. 16, Exh. B). On September 20, 2002, Petitioner was sentenced to 10 years in prison on the aggravated driving under the influence offense and a concurrent term of 2.25 years in prison on the endangerment offense. (Doc. 16, Exh. C).

On October 7, 2002, Petitioner filed a Notice of Post-Conviction Relief in the Superior Court.[1] (Doc. 16, Exh. D). On September 23, 2003, Petitioner filed a *pro se* Petition for Post-Conviction Relief. (Doc. 16, Exh. E). After briefing was completed, the Superior Court, in an order filed on January 5, 2004, concluded "that there are no claims presenting a material issue of fact or law which would entitle the defendant to relief under Rule 32 and no purpose would be served by any further proceedings." (Doc. 16, Exh. G). The court therefore dismissed the petition. (Id.). A Petition for Review to the Arizona Court of Appeals was denied on January 28, 2005. (Doc. 16, Exh. H). A subsequent Petition for Review to the Arizona Supreme Court was denied on August 3, 2005. (Doc. 16, Exh. I, J).

On May 10, 2006, Petitioner filed a second Notice of Post-Conviction Relief. (Doc. 16, Exh. L).[2] He then filed his second Petition for Post-Conviction Relief on September 27, 2006. (Doc. 16, Exh. M). After briefing was completed, the Superior Court on December 18, 2006, again concluded there were no claims presenting a material issue of fact or law which would entitle Petitioner to relief, and it dismissed the petition. (Doc. 16, Exh. N). Petitioner filed a Petition for Review in the Arizona Court of Appeals, which was denied on November 9, 2007. (Doc. 16, Exh. O, P). Petitioner did not seek review in the Arizona Supreme Court. (Doc. 1 at 3).

On May 5, 2008, Petitioner filed a Writ of Special Action in the Superior Court. (Doc. 1 at 3, Exh. A).[3] After the State filed a response, the Superior Court on June 5, 2008, found no basis for a Special Action and instead construed Petitioner's filing as a third petition for post-conviction relief. (Doc. 1, Exh. A). The Court then found that Petitioner's

---

[1] The petition was actually filed in the state trial court on December 19, 2002, but under the prison mailbox rule the petition is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

[2] The court is giving Petitioner the benefit of the doubt that the date his notice was notarized is the date he delivered it to prison authorities for mailing.

[3] The court is using the May 5, 2008, Superior Court filing date because nothing in the writ indicates what day it was given to prison authorities for mailing.

1  claims were precluded, having already been heard and considered by the Court several times. 2  (Id.). A Petition for Review to the Arizona Court of Appeals was denied on September 10, 3  2008. A subsequent Petition for Review to the Arizona Supreme Court was denied on 4  December 3, 2008. (Doc. 1, Exh. A).

5  On December 1, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this 6  court. (Doc. 1). Petitioner alleges four grounds for relief: (1) that his right to due process 7  was violated when he did not receive the agreed upon benefit in his plea agreement after 8  providing assistance to the prosecution; (2) that his attorney provided ineffective assistance 9  of counsel when she failed to inform him that the State alleged his offense was dangerous 10 and repetitive, thus exposing him to a longer prison sentence; (3) that his right to due process 11 was violated when he was prosecuted for acts similar to what the State instructed him to 12 engage in; and (4) that his rights to be free from double jeopardy and cruel and unusual 13 punishment were violated when his prison classification was based on conduct he did not 14 commit. On March 31, 2010, Respondents filed an Answer to Petition for Writ of Habeas 15 Corpus. (Doc. 16). Petitioner filed a Reply to Respondents' Answer on May 3, 2010. (Doc. 16 19).

**DISCUSSION**

18 Respondents contend that the habeas petition should be dismissed because it was not 19 filed within the statute of limitations period. Petitioner fails to address the statute of 20 limitations in his reply. Because the information presented establishes that the habeas 21 petition was filed after the statute of limitations expired, the court finds that the petition is 22 barred and recommends that the petition be denied on that basis.

23 **A.    Legal Standards**

24 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a 25 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 26 See 28 U.S.C. § 2244(d)(1). The statute provides:

27
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The
28
> limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id. "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower

- 4 -

court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002).  However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review.").  Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Additionally, state post-conviction petitions rejected as untimely by the state court are not "properly filed" under § 2244(d)(2), and do not toll the statute of limitations. Pace v. DiGuglielmo, 544 U.S, 408, 417 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

**B.  Application**

Petitioner was sentenced under the plea agreement on September 20, 2002. Petitioner then filed a timely "of-right" petition for post-conviction relief under the Arizona Rules of Criminal Procedure. Ariz. R. Crim. P. 32.4(a). Ultimately, the Arizona Supreme Court denied review on August 3, 2005. Under United States Supreme Court Rule 13, Petitioner had 90 days from that date to file a petition for writ of certiorari. Accordingly, under 28 U.S.C. § 2241(d)(1)(A), Petitioner's conviction became final upon the expiration of that time period, which was November 1, 2005. The statute of limitations therefore began to run the following day on November 2, 2005.

The limitations period ran uninterrupted for 189 days until May 10, 2006, when Petitioner filed his second notice of post-conviction relief, which tolled the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). The limitations period was tolled through November 9, 2007, the date the Arizona Court of Appeals denied review of his second petition for post-conviction relief. Because no state post-conviction proceedings were pending as of November 10, 2007, the statute of limitations again began to run. The

1  limitations period continued running until May 5, 2008, the date Petitioner filed his Writ of
2  Special Action in the Superior Court, which the Court construed as a third petition for post-
3  conviction relief. Upon Petitioner's filing of the third petition, the statute of limitations was
4  again tolled.[4] Thus, an additional 175 days (November 10, 2007, to May 4, 2008) was added
5  to the 189 days of the limitations period that had already run, for a total of 364 days.

6  The limitations period remained tolled until the third petition for post-conviction relief
7  was no longer "pending." The third petition was no longer pending as of December 4, 2008,
8  the day after the Arizona Supreme Court denied Petitioner's petition for review. Thus, the
9  statute of limitations began running again on December 4, 2008. Because 364 days of the
10 limitations period had already passed, the statute of limitations expired one day later on
11 December 5, 2008. Petitioner did not file his habeas petition in this court until November
12 20, 2009, nearly a full year after the statute of limitations expired. The petition is therefore
13 untimely.

**C.     Conclusion**

For the foregoing reasons, the court finds that Petitioner's habeas petition is barred by the statute of limitations. The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

///

///

---

[4] Respondents argue that the third petition was not "properly filed" and therefore did not further toll the statute of limitations. Their authority for that contention, however, Pace v. DiGuglielmo, 544 U.S. 408 (2005), involved a post-conviction petition that was rejected as untimely by the state court. Here, the state court found that Petitioner's claims were precluded because they had already been presented, but the court did not find the petition was untimely. Although the state court likely could have found Petitioner's third post-conviction petition untimely, because it did not, this court will not apply Pace.

- 6 -

1  **IT IS FURTHER RECOMMENDED**:

2     That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal
3 be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and
4 jurists of reason would not find the procedural ruling debatable.

5     This recommendation is not an order that is immediately appealable to the Ninth
6 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
7 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
8 parties shall have 14 days from the date of service of a copy of this recommendation within
9 which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
10 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response
11 to the objections.  Failure to timely file objections to the Magistrate Judge's Report and
12 Recommendation may result in the acceptance of the Report and Recommendation by the
13 district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121
14 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
15 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
16 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
17 recommendation.  See Fed. R. Civ. P. 72.

18     DATED this 6th day of October, 2010.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge